# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KINTE ALLAH GRANT,<br>    Appellant, | DOCKET NUMBER<br>AT-0731-17-0661-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>    Agency. | DATE: January 25, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Cory Isaacson</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Brigette J. Beaton</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 On April 24, 2017, the appellant applied for a Park Guide position with the agency at the Martin Luther King, Jr. National Historic Site in Atlanta, Georgia. Initial Appeal File (IAF), Tab 9, Subtab 1 at 7, Subtab 4d at 32. Subsequently, the appellant was informed in a letter from the agency's Suitability Adjudicator that a background investigation was completed that "raise[d] a serious question of your current suitability." *Id.*, Subtab 4d at 32. The investigation revealed questions of "[m]isconduct or negligence in employment" and "[c]riminal or dishonest conduct," which the agency informed the appellant "may be considered a basis for the [agency] finding an applicant unsuitable for . . . covered positions."[2] *Id.* The letter informed the appellant that he had an opportunity to respond. *Id.* The letter continued by stating that "[the agency] will consider any answer in reaching a decision whether to rate you ineligible, and/or debar you . . . ." *Id.* Finally, the letter stated that "[t]he information you supply will be used along with whatever you supplied previously and information developed by investigation to determine your suitability for employment in covered positions with this agency." *Id.* at 33.

¶3 Following a response from the appellant, the agency issued its decision. *Id.*, Subtab 4b at 20. The letter stated that, after considering of the results of preemployment inquiries and considerations listed in 5 C.F.R. § 731.202(c),[3] the agency denied the appellant's appointment to the Park Guide position with the agency. *Id.* The letter additionally stated that "[t]o be found suitable for any

---

[2] "Misconduct or negligence in employment" and "criminal or dishonest conduct" are specific factors to be considered when finding a person unsuitable and taking a suitability action. 5 C.F.R. § 731.202(b).

[3] The section title for 5 C.F.R. § 731.202 is "Criteria for making suitability determinations."

covered position with [the agency], to included [sic] **Park Guide**, applicants must have demonstrated through past conduct that they are reliable, exercise sound judgement, and have the ability and willingness to comply with rules and regulations." *Id.* (emphasis in original). The letter informed the appellant that he has "not demonstrated the qualities deemed essential for employment with the [agency]." *Id.* at 21.

¶4      The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2. The agency filed a motion to dismiss, arguing that the appellant was attempting to appeal a nonselection for appointment to a specific position, which is a matter outside the Board's suitability jurisdiction. IAF, Tab 9, Subtab 1 at 8-10. In response, the appellant stated that the agency's May 30th letter "described its determination as something that could seemingly exclude [the appellant] from multiple positions, not just the Park Guide one for which he directly applied." IAF, Tab 13 at 4. The appellant's response also noted that the letters he received were signed by the agency's Suitability Adjudicator, that the agency repeatedly treated and referred to their decision as a suitability action, and that the agency directly informed him of his right to appeal the matter to the Board. *Id.* at 5-6.

¶5      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 14, Initial Decision (ID). Specifically, he found that the agency's determination was a nonselection for a specific position and thus was not a suitability action appealable to the Board. *Id.*

¶6      The appellant has petitioned for review, disputing the administrative judge's jurisdictional analysis. Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response. PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *LeMaster v. Department of*

*Veterans Affairs*, [123 M.S.P.R. 453](#), ¶ 7 (2016).  The appellant has the burden of proof on the issue of jurisdiction, and when he makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question.  *Lara v. Department of Homeland Security*, [101 M.S.P.R. 190](#), ¶ 7 (2006).

¶8          Generally, an unsuccessful candidate for a Federal civilian service position has no right to appeal his nonselection.  *Rodriguez v. Department of Homeland Security*, [112 M.S.P.R. 446](#), ¶ 8 (2009).  Nevertheless, pursuant to Office of Personnel Management regulations at 5 C.F.R. part 731, the Board has jurisdiction over certain matters involving suitability for Federal employment.  *Id.*  Suitability actions appealable to the Board include cancellations of eligibility, removals, cancellations of reinstatement eligibility, and debarments.  [5 C.F.R. § 731.203](#)(a).  However, nonselections or cancellations of eligibility for a specific position are *not* suitability actions even if based on the suitability determination reasons set forth in part 731.202.  [5 C.F.R. § 731.203](#)(b).  In deciding whether an action is an unappealable nonselection or an appealable suitability action, what matters is the substance, not the form, of the action.  *Upshaw v. Consumer Product Safety Commission*, [111 M.S.P.R. 236](#), ¶ 7 (2009).

¶9          The appellant has stated on multiple occasions that the agency's suitability determination appears to apply not just to the specific Park Guide position to which he applied, but to multiple agency positions.  PFR File, Tab 3 at 5; IAF, Tab 13 at 4-5.  In its letter notifying the appellant of the results of the background investigation, the agency stated that the inquiry had been done "to determine your suitability for employment in covered *positions* with this agency."  IAF, Tab 9, Subtab 4d at 33 (emphasis added).  In addition, the final suitability determination letter stated "[t]o be found suitable for *any covered position* with the [agency], to included [sic] Park Guide, applicants must" have demonstrated a degree of suitability.  *Id.*, Subtab 4b at 20 (emphasis added).  The suitability determination letter concluded by stating "[y]ou have not demonstrated the qualities deemed

essential *for employment* with the [agency]." *Id.* at 21 (emphasis added). We acknowledge that the determination letter also states that the agency "[d]enied [the appellant's] appointment to the Park Guide position at the Martin Luther King, Jr. National Historic Site." *Id.* at 20. However, this statement alone is insufficient to rebut the appellant's nonfrivolous allegation that the agency's action covered multiple positions within the agency. In deciding whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions, but to the extent that the agency's evidence merely contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶10    The appellant has made numerous allegations of fact, supported by the language contained in the agency's own letters, that its suitability determination applied to multiple agency positions and thus was not a singular nonselection or cancellation of eligibility for a specific position. This allegation, if proven, would mean the agency took a "suitability action" covered by 5 C.F.R. § 731.203(a), which is within the Board's jurisdiction under 5 C.F.R. § 731.501. As such, we conclude that the appellant has made a nonfrivolous allegation of Board jurisdiction and is entitled to a hearing on the jurisdictional question. *Lara*, 101 M.S.P.R. 190, ¶ 7.

**ORDER**

¶11      For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

<u>          /s/ for             </u>

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.